UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.  _____

JANE DOE 17,

        Plaintiff,

    v.

DARREN K. INDYKE AND
RICHARD D. KAHN, AS JOINT
PERSONAL REPRESENTATIVES OF
THE ESTATE OF JEFFREY E. EPSTEIN,
NINE EAST 71st STREET CORPORATION,
LAUREL, INC., FINANCIAL TRUST COMPANY,
INC., NES, LLC, MAPLE, INC., LSJE, LLC,
HBRK ASSOCIATES, INC., NAUTILUS, INC.,
CYPRESS, INC. and JEGE, INC.

        Defendants.
_____/

## **COMPLAINT**

    Plaintiff, JANE DOE 17, by and through the undersigned counsel, in support of her claims against Defendants, alleges and states as follows:

    1.    This action is brought, *inter alia*, pursuant to common law, statutory law and 18 U.S.C. §1591- §1595.  Therefore, jurisdiction is proper under 28 U.S.C. §1331 and the damages sought exceed the jurisdictional requirements of this Court.

    2.    Plaintiff files this complaint under a pseudonym in order to protect her identity because the Complaint makes allegations of a sensitive sexual nature the disclosure of which, in association with her name, would cause further harm to her.

    3.    Plaintiff is currently a resident and domiciled in the State of Florida and over the age of 18.

4.      At all times material, Jeffrey Epstein ("Epstein") was a citizen of the United States and resident of the U.S. Virgin Islands.  Epstein was a man of extreme wealth who frequently travelled between and regularly stayed in his numerous residences, including in New York (within the Southern District of New York) at 9 East 71st Street, New York, NY  10021; in Palm Beach, Florida at 358 El Brillo Way, Palm Beach, Florida 33480; in New Mexico at 49 Zorro Ranch Road, Stanley, New Mexico 87056, in Paris,  France at 22 Avenue Foch, Paris, France 75116, and in the United States Virgin Islands at Little St. James Island No. 6B USVI 00802.

5.      At all times material to this cause of action Epstein was an adult male born on January 20, 1953, who died on August 10, 2019.

6.      Defendant, Darren K. Indyke and Richard D. Kahn as Joint Personal Representatives of the Estate of Jeffrey E. Epstein ("Estate of Jeffrey E. Epstein") was opened and domiciled in the United States Virgin Islands, St. Thomas Division, and is the legal entity responsible for intentional, criminal, or tortious conduct committed by Epstein as described in this Complaint.

7.      At all times material hereto, Defendant Nine East 71st Street, Corporation ("Nine East"), was a domestic business corporation conducting business in New York with its principal place of business located at 575 Lexington Avenue, Fourth Floor, New York 10022.

8.      At all times material hereto, Defendant Laurel, Inc. ("Laurel") was and is a U.S. Virgin Islands corporation conducting business in multiple locations including New York and Florida.

9.      At all times material hereto, Defendant Financial Trust Company, Inc. ("Financial Trust"), was and is a U.S. Virgin Islands corporation conducting business in multiple locations including New York.

10.     At all times material hereto, Defendant NES, LLC, ("NES"), was and is a domestic limited liability company registered in and conducting business in multiple locations including New York.

11.     At all times material hereto, Defendant Maple, Inc., ("Maple"), was and is a U.S. Virgin Islands corporation conducting business in New York.

12.     At all times material hereto, LSJE., LLC, ("LSJ"), was and is a U. S. Virgin Islands corporation conducting business in the United States Virgin Islands conducting business in New York.

13.     At all times material hereto, Defendant HBRK Associates, Inc., ("HBRK"), was and is a domestic business corporation registered in and conducting business in multiple locations including New York with a Registered Agent located at 1365 York Avenue, Apartment 28, New York 10021.

14.     At all times material hereto, Defendant Nautilus, Inc., ("Nautilus"), was and is a U.S. Virgin Islands corporation conducting business in New York.

15.     At all times material hereto, Defendant Cypress, Inc., ("Cypress"), was and is a U.S. Virgin Islands corporation conducting business in New York and New Mexico.

16.     At all times material hereto, Defendant JEGE, Inc., ("JEGE"), is a U.S. Virgin Islands corporation conducting business throughout the United States of America, including but not limited to, Florida, New York and the United States Virgin Islands.

17.     Corporate Defendants Nine East, Laurel, Financial Trust, NES, Maple, LSJE, HBRK, JEGE, Nautilus, and Cypress, referred to as "Corporate Defendants," each performed business, in whole or in part, in New York.

18.     Plaintiff intends to amend this complaint to add or substitute additional parties as discovery reveals the identities of other tortious corporate or individual actors.

19.     Epstein, the leader of a complex commercial sex trafficking and abuse ring, was an officer, director, or employee of many corporate entities registered in various states throughout the United States, one or more of which may also be legally responsible for the crimes and torts he committed against young females, including Plaintiff.

20.     Additionally, individuals who worked at the residences where sexual criminal acts were committed, or friends or acquaintances who assisted Epstein in committing such violations or those of his wealthy, famous, or socially powerful friends with whom Epstein caused Plaintiff to be sexually abused by, or those who were employed through, or worked for, numerous other corporate entities whose participation caused or contributed to causing the sexual violations that caused harm to Plaintiff, may additionally be added as defendants.

21.     A substantial part of the acts, events, and omissions giving rise to this cause of action occurred in the Southern District of New York; venue is proper in this District.  28 U.S.C. §1391(b)(2).

22.     At all times material to this cause of action, Epstein (legally represented now through Darren K. Indyke and Richard D. Kahn as Joint Personal Representatives of the Estate of Jeffrey E. Epstein (referred to herein as "Estate of Jeffrey E. Epstein") and Corporate Defendants owed a duty to Plaintiff to treat her in a non-negligent manner and not to commit, or conspire to commit, or cause to be committed intentional, criminal, fraudulent, or tortious acts

against Plaintiff, including any acts that would cause Plaintiff to be harmed through conduct committed against her in violation of Common law battery, New York Penal Law §130.20; or New York Penal Law §130.35; or New York Penal Law §130.50; or New York Penal Law §130.52; or New York Penal Law §130.66; or any violation of 18 U.S.C. §1591- §1595.

## FACTUAL ALLEGATIONS

23.    At all times material to this cause of action, Epstein was an adult male over 45 years old.  Epstein was a tremendously wealthy individual, widely recognized as a billionaire, who used his wealth, power, resources, and connections to commit illegal sexual crimes in violation of federal and state laws and who employed or conspired with other individuals and corporate entities to assist him in committing those crimes or torts or who facilitated or enabled those acts to occur.

24.    Epstein displayed his enormous wealth, power, and influence to his employees; to the employees of the corporate or company entities who worked at his direction, to the victims procured for sexual purposes; and to the public, in order to advance, carry out, and conceal his crimes and torts.

25.    At all relevant times, Epstein had access to numerous mansions, as well as a fleet of airplanes, motor vehicles, boats and one or more helicopters.  For example, he regularly traveled by private jet aboard a Boeing aircraft (of make and model B-727-31H with tail number N908JE) or a Gulfstream aircraft (of make and model G-1159B with tail number N909JE).

26.    Epstein also inhabited and frequently travelled between numerous properties and homes, each of which he admitted to being owned or controlled by him, including a Manhattan townhome located at 9 East 71st Street, New York, New York  10021 valued conservatively by Epstein's own admission at $55,931,000.00 (but valued by the US Attorney's office for this

District at $77,000,000); a ranch located at 49 Zorro Ranch Road, Stanley, New Mexico 87056 valued conservatively by Epstein's own admission at $17,246,208.00; a home located at 358 El Brillo Way, Palm Beach, Florida 33480 valued conservatively by Epstein's own admission at $12,380,209.00; an apartment located at 22 Avenue Foch, Paris, France 75116 valued conservatively by Epstein's own admission at $8,672,820.00; an Island located at Great St. James Island No. 6A USVI 00802 (parcels A, B, and C); and an Island Little St. James Island No. 6B USVI 00802 (parcels A, B, and C). *See* Jeffrey Epstein "Asset Summary – June 30, 2019" filed in Case No. 1:19-cr-00490-RMB on July 15, 2019 attached hereto as **Exhibit A.**

27.     Epstein controlled or was affiliated with the corporation or business entities that owned, managed, or maintained each of the real properties listed in the preceding paragraph and enumerated in Exhibit A.

28.     The allegations herein concern Epstein's tortious conduct committed against Plaintiff while at the residences owned by Defendant Nine East in New York, Defendant Laurel in Florida, Defendant Cypress in New Mexico and Defendants LSJE and Nautilus in the U.S. Virgin Islands.  Many such acts were facilitated by Defendant NES or Defendant HBRK or Defendant JEGE.

29.     Epstein had a compulsive sexual preference for young females, as young as 14 years old, and acted on that sexual preference for decades.

30.     Epstein enjoyed sexual contact with young females, including minor children, and also took pleasure corrupting vulnerable and innocent young females, including minor children, into engaging in sexual acts with him.

31.     Epstein directed a complex system of individuals, including employees and associates of Defendant entities, to work in concert and at his direction, for the purpose of harming young females through sexual exploitation, abuse and trafficking.

32.     It was widely known among individuals regularly in Epstein's presence that he obtained pleasure from corrupting and inducing vulnerable young females into engaging in uncomfortable and unwanted sexual acts for his own gratification.

33.     Epstein's illegal sexual activities were investigated by law enforcement on at least two occasions, once in 2005-2008 by the United States Attorney for the Southern District of Florida, and more recently by the United States Attorney for the Southern District of New York.

34.     On July 2, 2019 the United States Attorney's Office for the Southern District of New York filed a sealed Two Count Indictment including One Count of Sex Trafficking Conspiracy and One Count of Sex Trafficking for violations of 18 U.S.C. §1591, in part due to Epstein's criminal activities against children in the New York Mansion located at 9 East 71st Street.

35.     In addition to the allegations in the criminal indictment referenced above, Epstein also utilized a similar, if not the same; scheme many years before the time period that was charged and many years after as well as in additional locations nationally and internationally.

36.     Corporate Defendants enabled Epstein to receive daily massages from young females, often minors, who were not experienced in massage.  Rather than receive regular body massages, Epstein was predictably sexually abusing young females, including Plaintiff, in violation of New York Penal Law §130.

37.     Additionally, employees of the various Corporate Defendants performed actions or failed to perform actions that further placed victims, including Plaintiff, in danger of being sexually abused by Epstein, and assisted in the concealment of his sexually abusive acts.

38.     Defendants employed many recruiters of young females, or directed employees of his related companies, to recruit young females   In order to grow the enterprise and satisfy his insatiable sexual desire, Epstein and those working at his direction enabled victims themselves to elevate their status within the enterprise to that of a paid recruiter of other victims, an elevation only made possible through the assistance of Defendants.

39.     Recruiters were taught by Epstein or by employees of Corporate Defendants to inform targeted young female victims that Epstein possessed extraordinary wealth, power, resources, and influence; that he was a philanthropist who would help female victims advance their education, careers, and lives; and that she only needed to provide Epstein with body massages in order to avail herself of his nearly unlimited assistance and influence.

40.     Epstein and Corporate Defendants and their many employees fulfilled Epstein's compulsive need for sex with young females by preying on their personal, psychological, financial, and related vulnerabilities.  Epstein and Defendants' tactics included promising the victims money, shelter, transportation, gifts, employment, admission into educational institutions, education tuition, professional licensure, protection, healthcare and other things of value.

41.     Epstein's sexual attraction to young, often underage, females dated back to at least the mid-nineties and the number of victims increased substantially with the necessary assistance from Defendants and Defendants' employees.

42.      Defendants, at the direction of Epstein or in furtherance of his demands, and with help from assistants, associates and underlings, and even other victims, recruited or procured dozens if not hundreds of young females, including minors, for the purpose of Epstein's sexual gratification.

43.      Epstein, and employees of certain Corporate Defendants, including at least Defendant HBRK, specifically targeted underprivileged, emotionally vulnerable and/or economically disadvantaged young females to sexually molest and abuse.

44.      Additionally, Epstein and Corporate Defendants, through employees, informed young females, including Plaintiff that Epstein was wealthy, well-connected, and had the power and ability to impact the life of any young female recruited or obtained to provide a massage.

45.      Each of the Corporate Defendants committed acts of negligence that allowed for Epstein to commit acts in violation of New York Penal Law §130.

46.      Each of the Defendants committed acts against Plaintiff in violation of 18 U.S.C. §1591 – §1595.

## **JANE DOE 17**

47.      Consistent with Epstein's foregoing plan, scheme/enterprise, the Plaintiff was recruited to provide Epstein with massages for monetary compensation.  These massages provided to Epstein by Plaintiff progressed to instances of inappropriate sexual contact with the Plaintiff by Epstein in touching, inappropriate vaginal penetration, and outright rape.  Plaintiff was sexually assaulted, violated, and otherwise degraded, injured, victimized, and subjected to outrageous, reckless abuse and insult.

48.      In this regard, the Defendants willingly participated, contributed, cooperated, and assisted the inappropriate and illegal scheme by facilitating such scheme by and through the

employees of the Corporate Defendants such that the Corporate Defendants were acting jointly and in concert with the illegal scheme with the goal designed to produce corrupt sexual gratification for Epstein and degradation for the targets and victims of the corrupt scheme set in motion with the active involvement of the Corporate Defendants and their employees.

49.     Epstein's abuse of the Plaintiff was not incidental or fleeting but rather was born out of a pathological desire to achieve, corrupt and deviate sexual gratification through the subjugation and abuse of Epstein's targeted victims.  The actions on behalf of the Corporate Defendants by and through its employees enhanced, facilitated, and promoted the deviate sexual acts of Epstein and contributed a corrupting influence which ensnared unsuspecting women and girls in its reach.

50.     Epstein, by acting singularly and in concert with the Corporate Defendants, devised a sophisticated plan and a *modus operandi* which subtly and pervasively over time connived to influence the victims and subjects of the corrupt and deviant sexual scheme to influence the will to resist the temptations both actual and promised on behalf of the scheme and thereby manipulate the victims into acceptance of the scheme as being one that was acceptable and appropriate by virtue of communications and representations made on behalf of Epstein by the Corporate Defendants and in fact Epstein himself.  The scheme utilized a gradual wearing down of the victim's will to resist and did so by virtue of offering positive and negative rewards for compliance with the scheme's overall deviant methodology and goals.

51.     Once Epstein and the Corporate Defendants' victims were entrapped and the scheme's methodologies enabled, Epstein and the corporate defendants through its employees utilized techniques to further inhibit, indoctrinate, and threaten Epstein's victims such that compliance with the deviant scheme's goals could be further obtained.

52.     The deviant scheme was perpetuated over years by the actions of Epstein and the Corporate Defendants such that victims were caught up in the scheme, pressure, threats, and indoctrination techniques utilized to bring the victims to heel.

53.     For victims young, vulnerable, and struggling financially, the scheme's methodology was particularly effective.

54.     As part and parcel of the scheme's goals, Epstein's colleagues and acquaintances were involved in the scheme and benefited from the scheme by virtue of receiving sexual favors and inappropriate, illegal, and otherwise commercial sexual services provided by Epstein's victims such that the corrupt intent of this scheme involved males other than Epstein himself. As a direct and proximate result of the methodology of the deviant scheme and the goals of sexual exploitation of the women recruited and victimized, Plaintiff was subject to unwanted touching of her breasts and genitals, other sensitive areas of her body, required to perform acts of a sexual nature against her will and subjected to genital penetration and otherwise sexually degraded, abused, insulted, coerced, and injured, experience resulting in confusion, emotional distress, mental pain and suffering, shame, humiliation, loss of the enjoyment of life, inconvenience, and other injuries to body, mind and soul.

55.     Epstein and the Corporate Defendants by and through their employees and agents substantially contributed to proximately cause injury to the Plaintiff as aforementioned.

56.     Over a course of years, Epstein and the Corporate Defendants, by and through its employees and agents, facilitated the multiple rapes conducted on the Plaintiff in addition to other deviant sexual acts against her will.  Furthermore, the plaintiff's virginity was forcefully taken from her against her will.

57.     This fraudulent scheme of Epstein's constituted acts of coercion from beginning to end, from 2001 through mid-2006, inasmuch as the scheme was designed to and in fact, caused Plaintiff to believe that her failure to perform any sex act required by Epstein would result in serious financial, reputational, physical and emotional harm to her.

## COUNT I

### (BATTERY AGAINST DARREN K. INDYKE AND RICHARD D. KAHN AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFREY E. EPSTEIN)

58.     The Plaintiff adopts and realleges paragraphs 1 through 57 above.

59.     Epstein committed a harmful or offensive touching against Plaintiff.

60.     As a direct and proximate result of Epstein's battery, the Plaintiff has in the past suffered and in the future will continue to suffer physical injury, pain, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and a loss of her capacity to enjoy life, as well as other damages. Plaintiff incurred medical and psychological expenses and Plaintiff will in the future suffer additional medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against the Estate of Jeffrey E. Epstein for compensatory and general damages, attorney's fees, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT II

### (BATTERY/VIOLATION OF SECTION 130 AGAINST DARREN K. INDYKE AND RICHARD D. KAHN AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFREY E. EPSTEIN)

61.      The Plaintiff adopts and realleges paragraphs 1 through 57 above.

62.      The intentional acts of Epstein against Plaintiff constitute a sexual offense as defined in New York Penal Law §130, including but not limited to the following:

    a. Sexual misconduct as defined in §130.20 inasmuch as Epstein engaged in sexual intercourse with Plaintiff without Plaintiff's consent;

    b. Rape in the first degree as defined in §130.35 inasmuch as Epstein engaged in sexual intercourse with Plaintiff by forcible compulsion;

    c. Criminal sexual act in the first degree as defined in §130.50 inasmuch as Epstein engaged in oral sexual conduct with Plaintiff by forcible compulsion;

    d. Forcible touching as defined in §130.52 inasmuch as Epstein, intentionally and for no legitimate purpose, engaged the forcible sexual touching of Plaintiff for the purpose of degrading or abusing her or for the purpose of gratifying his own sexual desire; and,

    e. Aggravated sexual abuse in the third degree as defined in §130.66 inasmuch as Epstein inserted a foreign object in the vagina of Plaintiff by forcible compulsion.

63.      As a direct and proximate result of Epstein's violations of New York Penal Law §130, Plaintiff has in the past suffered and in the future will continue to suffer physical injury, pain, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and a loss of her capacity to enjoy life, as well as other damages.  Plaintiff incurred medical and psychological expenses and Plaintiff will in the future suffer additional medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against the Estate of Jeffrey E. Epstein for compensatory and general damages, attorney's fees, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT III

**(CAUSE OF ACTION AGAINST DARREN K. INDYKE AND RICHARD D. KAHN AS JOINT PERSONAL REPRESENTATIVES OF THE ESTATE OF JEFFREY E. EPSTEIN PURSUANT TO 18 U.S.C. § 1595)**

64.     Plaintiff adopts and realleges paragraphs 1 through 57 above.

65.     Epstein, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited, threatened, forced, or coerced Plaintiff to engage in commercial sex acts.

66.     Such actions were undertaken knowing that his use of force, threats of force, fraud, coercion, and/or combinations of such means would be used, and were in fact, used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Epstein violated 18 U.S.C. §1591.

67.     Furthermore, Epstein attempted to violate 18 U.S.C. § 1591.  In so doing, violated 18 U.S.C. § 1594(a).

68.     Epstein conspired with each member of the enterprise, and with other persons known and unknown, to violate 18 U.S.C. § 1591.  In so doing, violated 18 U.S.C. § 1594(c).

69.     By virtue of Epstein's violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendants Darren K. Indyke and Richard D. Kahn as Joint Personal Representatives of the Estate of Jeffrey E. Epstein ("Estate of Jeffrey E. Epstein") is subject to civil causes of action under 18 U.S.C. § 1595 by Plaintiff, who is a victim of the violations.

70.     Certain property of Epstein's was essential to the commission of the federal crimes and torts described herein, including the Palm Beach, Florida estate located at 358 El Brillo Way, Palm Beach, Florida 33480, the use of multiple private aircraft including a Boeing

aircraft (of make and model B-727-31H with tail number N908JE) and a Gulfstream aircraft (of make and model G-1159B with tail number N909JE).  Such real property and aircraft, along with other of Epstein's property, were used as means and instruments of Epstein's tortious and criminal offenses and, as such, are subject to forfeiture.

71.     Additionally, Epstein's New York townhouse, located at 9 East 71st Street, New York, New York, in the Southern District of New York, Epstein's private island located in the United States Virgin Islands and Epstein's New Mexico estate, were used as means and instruments of Epstein's tortious and criminal offenses as they relate to Plaintiff and, as such, are subject to forfeiture.

72.     As a direct and proximate result of Epstein's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. § 1591, 1593A, and 1594, and the associated civil remedies provided in § 1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Epstein's actions.  Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will be required do so in the future for which Epstein is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against the Estate of Jeffrey E. Epstein for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, punitive damages, forfeiture of Epstein's assets and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT IV

### (CAUSE OF ACTION AGAINST NINE EAST 71ST STREET, CORPORATION PURSUANT TO 18 U.S.C. §1595)

73.     Plaintiff adopts and realleges paragraphs 1 through 57 above.

74.     Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff from 2001 through 2006.

75.     Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

76.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. § 1591.  In so doing, violated 18 U.S.C. § 1594(a).

77.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. § 1591.  In so doing, Defendant violated 18 U.S.C. § 1594(c).

78.     By virtue of its violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. § 1595 by Plaintiff, who is a victim of their violations.

79.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and

maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

80.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

81.     Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against Nine East 71st Street, Corporation for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT V

### (CAUSE OF ACTION AGAINST LAUREL, INC. PURSUANT TO 18 U.S.C. §1595)

82.     Plaintiff adopts and realleges paragraphs 1 through 57 above.

83.     Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored,

transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff from 2001 through 2006.

84.     Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

85.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. § 1591.  In so doing, violated 18 U.S.C. § 1594(a).

86.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. § 1591.  In so doing, Defendant violated 18 U.S.C. § 1594(c).

87.     By virtue of its violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. § 1595 by Plaintiff, who is a victim of their violations.

88.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

89.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental

anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

90.      Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against Laurel, Inc. for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT VI

### (CAUSE OF ACTION AGAINST FINANCIAL TRUST COMPANY, INC. PURSUANT TO 18 U.S.C. §1595)

91.      Plaintiff adopts and realleges paragraphs 1 through 57 above.

92.      Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff.

93.      Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

94.      Defendant, by and through its management and personnel knowingly benefitted, financially and by receiving things of value, from participating in a venture (the Epstein sex

trafficking venture enterprise) which had engaged in acts in violation of 18 U.S.C. §1592 and 1595(a), knowing that the venture had engaged in such violations. In so doing, Defendant corporation violated 18 U.S.C. § 1593A.

95.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. §1591. In so doing, violated 18 U.S.C. § 1594(a).

96.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. §1591. In so doing, Defendant violated 18 U.S.C. §1594(c).

97.     By virtue of their violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. §1595 by Plaintiff, who is a victim of their violations.

98.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

99.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

100.     Plaintiff will incur further medical and psychological expenses. These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future. In addition to

these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against Defendant, Financial Trust Company, Inc., For compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT VII

### (CAUSE OF ACTION AGAINST NES, LLC PURSUANT TO 18 U.S.C. §1595)

101.    Plaintiff adopts and realleges paragraphs 1 through 57 above.

102.    Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff.

103.    Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

104.    Furthermore, Defendant corporation attempted to violate 18 U.S.C. §1591.  In so doing, violated 18 U.S.C. §1594(a).

105.    Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. §1591.  In so doing, Defendant violated 18 U.S.C. §1594(c).

106.     By virtue of their violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. §1595 by Plaintiff, who is a victim of their violations.

107.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

108.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

109.     Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against Defendant, NES, Inc., for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT VIII

### (CAUSE OF ACTION AGAINST MAPLE, INC. PURSUANT TO 18 U.S.C. §1595)

110.     Plaintiff adopts and realleges paragraphs 1 through 57 above.

111.     Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff from 2001 through 2006.

112.     Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

113.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. § 1591.  In so doing, violated 18 U.S.C. § 1594(a).

114.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. § 1591.  In so doing, Defendant violated 18 U.S.C. § 1594(c).

115.     By virtue of its violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. § 1595 by Plaintiff, who is a victim of their violations.

116.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and

maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

117.    As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

118.    Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against Maple, Inc. for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT IX

### (CAUSE OF ACTION AGAINST LSJE, LLC PURSUANT TO 18 U.S.C. §1595)

119.    Plaintiff adopts and realleges paragraphs 1 through 57 above.

120.    Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored,

transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff from 2001 through 2006.

121.     Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

122.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. § 1591.  In so doing, violated 18 U.S.C. § 1594(a).

123.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. § 1591.  In so doing, Defendant violated 18 U.S.C. § 1594(c).

124.     By virtue of its violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. § 1595 by Plaintiff, who is a victim of their violations.

125.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

126.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental

anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

127.     Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against LSJE, LLC for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT X

### (CAUSE OF ACTION AGAINST HBRK ASSOCIATES, INC. PURSUANT TO 18 U.S.C. §1595)

128.     Plaintiff adopts and realleges paragraphs 1 through 57 above.

129.     Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff.

130.     Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

131.     Defendant, by and through its management and personnel knowingly benefitted, financially and by receiving things of value, from participating in a venture (the Epstein sex

trafficking venture enterprise) which had engaged in acts in violation of 18 U.S.C. §§ 1592 and 1595(a), knowing that the venture had engaged in such violations.  In so doing, Defendant corporation violated 18 U.S.C. §1593A.

132.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. §1591.  In so doing, Defendant violated 18 U.S.C. §1594(a).

133.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. §1591.  In so doing, Defendant violated 18 U.S.C. §1594(c).

134.     By virtue of their violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. §1595 by Plaintiff, who is a victim of their violations.

135.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

136.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

137.     Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to

these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

138.    WHEREFORE, Plaintiff demands judgment against Defendant, HBRK Associates, Inc., for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XI

### (CAUSE OF ACTION AGAINST NAUTILUS, INC. PURSUANT TO 18 U.S.C. §1595)

139.    Plaintiff adopts and realleges paragraphs 1 through 57 above.

140.    Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff.

141.    Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

142.    Defendant, by and through its management and personnel knowingly benefitted, financially and by receiving things of value, from participating in a venture (the Epstein sex trafficking venture enterprise) which had engaged in acts in violation of 18 U.S.C. §§ 1592 and 1595(a), knowing that the venture had engaged in such violations.  In so doing, Defendant corporation violated 18 U.S.C. §1593A.

143.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. §1591.  In so doing, Defendant violated 18 U.S.C. §1594(a).

144.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. §1591.  In so doing, Defendant violated 18 U.S.C. §1594(c).

145.     By virtue of their violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. §1595 by Plaintiff, who is a victim of their violations.

146.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

147.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

148.     Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

149.    WHEREFORE, Plaintiff demands judgment against Defendant, Nautilus, Inc., for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XII

### (CAUSE OF ACTION AGAINST CYPRESS, INC. PURSUANT TO 18 U.S.C. §1595)

150.    Plaintiff adopts and realleges paragraphs 1 through 57 above.

151.    Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff.

152.    Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

153.    Defendant, by and through its management and personnel knowingly benefitted, financially and by receiving things of value, from participating in a venture (the Epstein sex trafficking venture enterprise) which had engaged in acts in violation of 18 U.S.C. §§ 1592 and 1595(a), knowing that the venture had engaged in such violations.  In so doing, Defendant corporation violated 18 U.S.C. §1593A.

154.    Furthermore, Defendant corporation attempted to violate 18 U.S.C. §1591.  In so doing, Defendant violated 18 U.S.C. §1594(a).

155.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. §1591.  In so doing, Defendant violated 18 U.S.C. §1594(c).

156.     By virtue of their violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. §1595 by Plaintiff, who is a victim of their violations.

157.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

158.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

159.     Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

160.     WHEREFORE, Plaintiff demands judgment against Defendant, Cypress, Inc., for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of

Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT XIII

### (CAUSE OF ACTION AGAINST JEGE, INC. PURSUANT TO 18 U.S.C. §1595)

161.     Plaintiff adopts and realleges paragraphs 1 through 57 above.

162.     Defendant, by and through its management and personnel, within the special maritime and territorial jurisdiction of the United States, in interstate and foreign commerce, and/or affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, solicited by any means Plaintiff from 2001 through 2006.

163.     Defendant, by and through its management and personnel, knew that means of fraud or coercion, and/or combinations of such means, would be used, and were in fact used, in order to cause Plaintiff to engage in commercial sex acts.  In doing so, Defendant corporation violated 18 U.S.C. §1591.

164.     Furthermore, Defendant corporation attempted to violate 18 U.S.C. § 1591.  In so doing, violated 18 U.S.C. § 1594(a).

165.     Defendant, by and through its management and personnel, conspired with other members of the enterprise, and with other persons and companies, known and unknown, to violate 18 U.S.C. § 1591.  In so doing, Defendant violated 18 U.S.C. § 1594(c).

166.     By virtue of its violations of 18 U.S.C. §§ 1591, 1593A, and 1594, Defendant is subject to civil causes of action under 18 U.S.C. § 1595 by Plaintiff, who is a victim of their violations.

167.     Defendant, by and through its management and personnel, participated in a venture with Epstein's enterprise by knowingly recruiting, transporting, soliciting, obtaining, and maintaining Plaintiff knowing that fraud or coercion would be used to cause Plaintiff to commit a commercial sex act.

168.     As a direct and proximate result of Defendant corporation's commission of the aforementioned criminal offenses enumerated in 18 U.S.C. §§ 1591, 1593A, and 1594, and the associated civil remedies provided in §1595, Plaintiff has in the past suffered and will continue to suffer injury and pain, emotional distress, psychological and psychiatric trauma, mental anguish, humiliation, confusion, embarrassment, loss of self-esteem, loss of dignity, loss of enjoyment of life, invasion of privacy, and other damages associated with Defendant's actions.

169.     Plaintiff will incur further medical and psychological expenses.  These injuries are permanent in nature and Plaintiff will continue to suffer from them in the future.  In addition to these losses, Plaintiff has incurred attorneys' fees and will continue to do so in the future for which Defendant is liable pursuant to 18 U.S.C. §1595.

WHEREFORE, Plaintiff demands judgment against JEGE, INC. for compensatory and general damages, attorney's fees pursuant to 18 U.S.C. §1595, forfeiture of Defendant's assets, punitive damages and such other and further relief as this Court deems just and proper.  Plaintiff hereby demands trial by jury on all issues triable as of right by a jury.

Dated:     October 17, 2019

Respectfully Submitted,

By:     /s/ Andrew S. Buzin
Andrew S. Buzin
BUZIN LAW, P.C.
111 Broadway, Suite 1204
New York, NY 10006
Tel:  (646) 470-4878

Fax: (347) 736-9490
Email: abuzin@buzinlaw.com
*Attorney for Plaintiff*

By:     /s/ David H. Brodie
David H. Brodie, Esq., FBN 0813168
Laura J. Starr, Esq., FBN 0491888
WEISMAN, BRODIE, STARR
& MARGOLIES, P.A.
1301 N. Federal Highway
Lake Worth, FL 33460
Telephone: (561) 588-9500
Facsimile: (561) 588-9500
Email: dbrodie@yourfloridacounsel.com
Email: lstarr@yourfloridacounsel.com
*Attorneys for Plaintiff*
(*SEEKING ADMISSION PRO HAC VICE*)