UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- X
JANE DOE 17,

       Plaintiff,

       v.

DARREN K. INDYKE AND
RICHARD D. KAHN, AS JOINT
PERSONAL REPRESENTATIVES OF
THE ESTATE OF JEFFREY E. EPSTEIN,
NINE EAST 71st STREET CORPORATION,
LAUREL, INC., FINANCIAL TRUST
COMPANY, INC., NES, LLC, MAPLE, INC.,
LSJE, LLC, HBRK ASSOCIATES, INC.,
NAUTILUS, INC., CYPRESS, INC. and JEGE,
INC.,

       Defendants.
---------------------------------------- X

Case No. 1:19-cv-09610-PAE-DCF


# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT


TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants*

40881533v1

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

    I.    ALLEGED FACTS................................................................................................. 2

    II.    ARGUMENT.......................................................................................................... 3

        a.    Legal Standard: Plaintiff's legal conclusions are not accepted as true. ..................................................................................................... 3

        b.    Plaintiff's battery causes of action expired in 2009 at the latest................ 4

        c.    Plaintiff's TVPA claims expired in 2016 at the latest. ............................... 4

        d.    Plaintiff's claims against the Corporate Defendants must be dismissed for the additional reason that they are based on conclusory statements and impermissible group pleading—not *facts*. ......................................................................................................... 5

        e.    Plaintiff's two battery counts are impermissibly duplicative of each other. ......................................................................................................... 6

        f.    Plaintiff's demand for punitive damages must be dismissed because it is precluded by New York law and otherwise unavailable under the TVPA........................................................................ 6

CONCLUSION................................................................................................................................ 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft* v. *Iqbal*,
    556 U.S. 662 (2009)..................................................................................................2, 3, 5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007).................................................................................................3

*Atuahene v. City of Hartford*,
    10 Fed. App'x 33 (2d Cir. 2001).........................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................2, 3, 5

*Blissett v. Eisensmidt*,
    940 F. Supp. 449 (N.D.N.Y. 1996).....................................................................................7

*Carson Optical Inc. v. eBay Inc.*,
    202 F. Supp. 3d 247 (E.D.N.Y. 2016) ...............................................................................4

*Deutsch v. Novartis Pharms. Corp.*,
    723 F. Supp. 2d 521 (E.D.N.Y. 2010) ...............................................................................6

*Graham v. Henderson*,
    224 F.R.D. 59 (N.D.N.Y. 2004).........................................................................................7

*Guidi v. Inter-Continental Hotels Corp.*,
    No. 95-CV-9006, 2003 U.S. Dist. LEXIS 6390 (S.D.N.Y. Apr. 16, 2003)...............................6

*Medrano v. MCDR, Inc.*,
    366 F. Supp. 2d 625 (W.D. Tenn. 2005) (dismissing deceased plaintiff's claim
    for punitive damages under 42 U.S.C. § 1981).................................................................7

*Ochre LLC v. Rockwell Architecture Planning & Design*,
    12-cv-2837, 2012 U.S. Dist. LEXIS 172208 (S.D.N.Y. Nov. 28, 2012)...................................5

*Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*,
    13-cv-5475, 2017 U.S. Dist. LEXIS 123752 (E.D.N.Y. Aug. 3, 2017) ...................................7

*Price v. L'Oreal USA, Inc.*,
    17-cv-0614, 2017 U.S. Dist. LEXIS 165931 (S.D.N.Y. Oct. 5, 2017).....................................6

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*,
    14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272 (S.D.N.Y. May 7, 2015) ............................6

*Swan Media Grp., Inc. v. Staub*,
 841 F. Supp. 2d 804 (S.D.N.Y. 2012) .................................................................................5

*Whitley v. Bowden*,
 No. 17-CV-3564 (KMK), 2018 WL 2170313 (S.D.N.Y. May 9, 2018) ...................................4

**Statutes**

18 U.S.C. § 1595(c) .......................................................................................................1, 4

18 U.S.C. § 1595(c)(1) ........................................................................................................1

EPTL § 11-3.2 (a)(1) ..........................................................................................................7

New York Estates, Powers And Trusts Law ......................................................................6

Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, *et seq.* ..................................1, 4

**Other Authorities**

CPLR § 214(5) ...................................................................................................................4

CPLR § 215(3) ...................................................................................................................4

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................1

40881533v1

Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (named herein as "Joint Personal Representative[s] of the Estate of Jeffrey E. Epstein") (together, the "Estate"), Nine East 71st Street, Corporation ("Nine East"), Financial Trust Company, Inc. ("FTC"), NES, LLC ("NES"), Laurel, Inc. ("Laurel"), Maple, Inc. ("Maple"), LSJE, LLC ("LSJE"), HBRK Associates, Inc. ("HBRK"), Nautilus, Inc. ("Nautilus"), Cypress, Inc. ("Cypress"), and JEGE, Inc. ("JEGE", and together with Nine East, FTC, NES, Laurel, Maple, LSJE, HBRK, Nautilus, Cypress and JEGE, the "Corporate Defendants"; and the Corporate Defendants together with the Estate, the "Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Jane Doe 17's ("Plaintiff") Complaint (ECF Doc. # 1)[1] with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## PRELIMINARY STATEMENT

This action is time barred. Plaintiff—who was *not* a minor at any time at issue in her Complaint—alleges that, "from 2001 through mid-2006," Jeffrey E. Epstein ("Decedent") sexually assaulted her. (Compl. ¶¶ 47, 57.)

Accordingly, Plaintiff's two causes of action sounding in battery (Counts I and II), which are subject to at most a 3-year statute of limitations, expired by 2009. Plaintiff's remaining causes of action, all of which are brought pursuant to the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, *et seq.* (the "TVPA"), are subject to a 10-year statute of limitations. 18 U.S.C. § 1595(c)(1). Therefore, Plaintiff's TVPA claims expired in mid-2016 at the latest—several years before she filed her Complaint in October 2019. Therefore, Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] A copy of Plaintiff's Complaint is attached to the Declaration of Bennet J. Moskowitz submitted herewith.

40881533v1

Plaintiff fails to state a claim against the Corporate Defendants for the additional reason that her allegations against them consist of threadbare, conclusory recitations of the elements of civil TVPA causes of action. Such conclusory allegations are precisely the type that are deemed insufficient under the pleading standards set forth in *Twombly* and *Iqbal*. Moreover, Plaintiff is relying on impermissible group pleading against the Corporate Defendants.

Counts I and II for battery based on the same alleged misconduct are also impermissibly duplicative of each other. At least one of these causes of action should be dismissed for this independent reason.

Separately, Plaintiff's demand for punitive damages fails as a matter of law and must also be dismissed. Under New York law and Federal Common law, punitive damages are unavailable where, as here, a plaintiff asserts battery and TVPA claims based on alleged torts committed by a decedent.

## I.     ALLEGED FACTS

Few paragraphs of Plaintiff's Complaint allege what happened to her. Instead, the Complaint consists largely of allegations related to Decedent generally without any nexus to Plaintiff, such as allegations pertaining to Decedent's wealth (*see, e.g.*, Compl. ¶¶ 4, 19, 23-26) and what he allegedly did to unidentified individuals other than Plaintiff (*see, e.g.*, *id.* at ¶¶ 40-41).

The scant allegations concerning Plaintiff set forth in conclusory fashion that, from 2001 through mid-2006, she received money to give Decedent massages which "progressed to instances of inappropriate sexual contact" including rape. (*Id.* ¶¶ 47, 57.) Plaintiff does not allege she was a minor when the alleged abuse occurred. Facts subject to judicial notice also firmly establish that

Plaintiff has repeatedly stated and has sworn under oath that she did not even meet Decedent until Plaintiff was an adult.[2]

Based on Plaintiff's scant allegations related entirely to conduct allegedly committed by Decedent, Plaintiff claims the Corporate Defendants, which she lumps together, are somehow liable to her as well. Plaintiff alleges without any supporting *factual* allegations that all "Corporate Defendants" were part of an "illegal scheme" that somehow "facilitated" Decedent's alleged abuse of Plaintiff. (*Id.* ¶ 48.) However, Plaintiff does not identify a single person who worked for or otherwise acted on behalf of any of the Corporate Defendants let alone allege what any such person specifically did or failed to do that renders their employer or principal liable to Plaintiff.

Based on her few general allegations related to Decedent and her threadbare, conclusory allegations against and lumping together the "Corporate Defendants," Plaintiff asserts two duplicative battery causes of action against the Estate (Counts I and II) and TVPA violations against each Defendant (Counts III – XIII, respectively). Plaintiff seeks various damages in unspecified amounts, including punitive damages (*see, e.g.*, *id.* at p. 33).

## II.    ARGUMENT

### a.    Legal Standard: Plaintiff's legal conclusions are not accepted as true.

Although the Court normally accepts as true all well-pleaded factual allegations in a complaint and draws all inferences in a plaintiff's favor, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), those principles are "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*,

---

[2] Should Plaintiff now allege otherwise, Defendants reserve the right on reply to submit under seal facts subject to judicial notice and thus properly considered on a motion to dismiss, including Plaintiff's sworn statements, decisively showing she was over 18 when she met Decedent.

...
...

550 U.S. 544, 555 (2007).  Moreover, "'[w]here [the] plaintiff's own pleadings are internally inconsistent, a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.'" *Whitley v. Bowden*, No. 17-CV-3564 (KMK), 2018 WL 2170313, at *11 (S.D.N.Y. May 9, 2018) (quoting *Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 255 (E.D.N.Y. 2016)).

Here, as further explained below, Plaintiff asserts formulaic recitations of the elements of her battery and TVPA causes of action.  Per the well-established case law cited above, such allegations are insufficient to state a claim.

        b.    **Plaintiff's battery causes of action expired in 2009 at the latest.**

Under New York law, actions for battery must be commenced within one year (CPLR § 215(3)); and actions for personal injury must be commenced within three years (CPLR § 214(5)). Plaintiff, who was not a minor at the time relevant to her allegations, alleges the misconduct at issue in her Complaint ended in mid-2006.  Accordingly, Plaintiff's causes of action asserting battery and personal injury expired in mid-2009 at the latest.

        c.    **Plaintiff's TVPA claims expired in 2016 at the latest.**

The TVPA expressly states no civil action may be maintained thereunder "unless it is commenced not later than the later of—(1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." 18 U.S.C. § 1595(c).  Plaintiff does not allege she was a minor at the time of the alleged sexual assaults that ended in mid-2006. (Compl. ¶ 57.)  Accordingly, Plaintiff's TVPA claims expired in mid-2016 at the latest.

> d. **Plaintiff's claims against the Corporate Defendants must be dismissed for the additional reason that they are based on conclusory statements and impermissible group pleading—not *facts*.**

Plaintiff failed to allege "enough *facts*" to state any claim against the Corporate Defendants "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). It is well-settled that Plaintiff must demonstrate grounds for relief beyond mere "labels and conclusions." *Id.* at 555.

Rather, to state a claim, Plaintiff's Complaint must set forth "[f]actual allegations [that are] ... enough to raise a right to relief above the speculative level." *Id.* "Though the Court must accept the factual allegations of a complaint as true, it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Swan Media Grp., Inc. v. Staub*, 841 F. Supp. 2d 804, 806 (S.D.N.Y. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants. ... A plaintiff cannot merely lump all the defendants together in each claim and provide no factual basis to distinguish their conduct." *Ochre LLC v. Rockwell Architecture Planning & Design*, 12-cv-2837, 2012 U.S. Dist. LEXIS 172208, at *16-17 (S.D.N.Y. Nov. 28, 2012) (citing *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001)).

With respect to the allegations against the Corporate Defendants, Plaintiff has not made factual allegations sufficient to "raise the right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. Besides generic conclusions that the Corporate Defendants "enabled [Decedent]" (Compl. ¶ 36), "facilitated" Decedent's acts (*id.* ¶ 49) and the like, there are no alleged *facts* describing what any of the Corporate Defendants' employees or other agents specifically did or failed to do that constituted a TVPA violation as to Plaintiff (or anyone else, for that matter).

Further, most of Plaintiff's allegations about the Corporate Defendants impermissibly lump their conduct together.  (*See id.* ¶¶ 22, 36-37, 39-40, 43-45, 48-52, 55-56.)  The Corporate Defendants cannot reasonably prepare a response to such conclusory, vague claims.

### e. **Plaintiff's two battery counts are impermissibly duplicative of each other.**

Counts I and II are also impermissibly duplicative of each other.  *See Price v. L'Oreal USA, Inc.*, 17-cv-0614, 2017 U.S. Dist. LEXIS 165931, at *12 (S.D.N.Y. Oct. 5, 2017) ("Defendants' motion to dismiss the unjust enrichment claim under New York law (*see* Count V) is granted because it is duplicative of the other claims.").  Counts I and II are based on the same alleged occurrences and seek the same relief.  Therefore, it would serve no legitimate purpose to permit Plaintiff to pursue both claims.

### f. **Plaintiff's demand for punitive damages must be dismissed because it is precluded by New York law and otherwise unavailable under the TVPA.**

Plaintiffs may not recover punitive damages in this action as a matter of law.  Plaintiff alleges a substantial part of the acts and omissions giving rise to her causes of action occurred in New York (Compl. ¶ 21).  Therefore, New York law applies to the issue of punitive damages.  *See Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272, *7 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'") (quoting *Deutsch v. Novartis Pharms. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010); *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006, 2003 U.S. Dist. LEXIS 6390, at *1 (S.D.N.Y. Apr. 16, 2003)).

New York Estates, Powers And Trusts Law provides: "No cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury,

an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury*." NY EPTL § 11-3.2 (a)(1) (emphasis added). "Also, 'there is a strong policy against the assessment of punitive damages against an estate on account of wrongful conduct of the decedent.'" *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004) (quoting *Blissett v. Eisensmidt*, 940 F. Supp. 449, 457 (N.D.N.Y. 1996)).

Nor are punitive damages available to Plaintiffs under the TVPA, which is a punitive statute. A federal cause of action that is penal in nature, as opposed to remedial, abates upon a party's death. *Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman*, 13-cv-5475, 2017 U.S. Dist. LEXIS 123752, at *22 (E.D.N.Y. Aug. 3, 2017). Even where a federal cause of action survives death, punitive damages are unavailable. *See, e.g., Medrano v. MCDR, Inc.*, 366 F. Supp. 2d 625, 635 (W.D. Tenn. 2005) (dismissing deceased plaintiff's claim for punitive damages under 42 U.S.C. § 1981).

Accordingly, even if Plaintiff's claims are not dismissed as untimely—which they should be—Plaintiff's demand for punitive damages should be dismissed.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's Complaint in its entirety with prejudice together with such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       December 23, 2019

Respectfully submitted,

TROUTMAN SANDERS LLP  
875 Third Avenue  
New York, New York 10022

By: */s/ Bennet J. Moskowitz*  
     Bennet J. Moskowitz

*Attorneys for Defendants*